OPINION
On September 8, 1998, the director of the Ohio Department of Commerce ("department") requested the Ohio Department of Administrative Services ("ODAS") to conduct a position audit of a position classified as Investigation Supervisor 2 held by Adam P. Tonti. The position audit was conducted and resulted in a proposed reclassification of Mr. Tonti's position to Investigation Supervisor 1. Mr. Tonti appealed to the State Personnel Board of Review ("board").
A hearing was held before an Administrative Law Judge ("ALJ"). On January 24, 2000, the ALJ submitted a report recommending that the position held by Mr. Tonti be reclassified as Investigation Supervisor 1. Mr. Tonti filed objections to the report and recommendation. On March 31, 2000, the board mailed its order which adopted the ALJ's report and recommendation.
Mr. Tonti appealed the board's order to the Franklin County Court of Common Pleas. The parties submitted briefs. On July 26, 2001, the court of common pleas filed a decision and judgment entry affirming the board's order.
Mr. Tonti (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
 ASSIGNMENT OF ERROR NO. 1. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN HOLDING THAT THE JOB AUDIT WAS PROPERLY CONDUCTED WHERE APPELLANT WAS NOT [RESTORED] TO THE POSITION OF IS-2, AS REQUIRED BY COURT ORDER, AT THE TIME THE JOB AUDIT WAS CONDUCTED.
 ASSIGNMENT OF ERROR NO. 2. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN FAILING TO HOLD THAT APPELLEE FAILED TO TIMELY NOTIFY APPELLANT OF A CHANGE OR MODIFICATION IN THE POSITION OF IS-2, DENYING HIM THE RIGHT TO APPEAL THE DECISION.
 ASSIGNMENT OF ERROR NO. 3. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN ITS INTERPRETATION OF THE "TWENTY PERCENT RULE," WHICH APPELLEE FAILED TO APPLY IN ANALYZING APPELLANT'S DUTIES UNDER THE CLASS CONCEPT FOR THE IS-2 POSITION.
 ASSIGNMENT OF ERROR NO. 4. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN FAILING TO HOLD THAT THE POSITION DESCRIPTIONS FOR THE POSITIONS OF IS-1 AND IS-2 ARE IDENTICAL[.]
 ASSIGNMENT OF ERROR NO. 5. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN FAILING TO HOLD THAT EVEN IF THE JOB AUDIT WERE VALID, APPELLEE FAILED TO FOLLOW THE REQUIRED JOB ABOLISHMENT AND LAYOFF PROCEDURES AND TO RECOGNIZE APPELLANT'S VESTED CERTIFICATION AND SENIORITY RIGHTS, INCLUDING HIS DISPLACE-MENT OR "BUMPING" RIGHTS, CONCERNING HIS RECLASSIFICATION FROM THE POSITION OF IS-2 TO AA-4 IN 1994 AND HIS SUBSEQUENT RECLASSIFICATION AND REASSIGN-MENT TO THE POSITION OF IS-1 AS A RESULT [OF] THE JOB AUDIT.
In reviewing the commission's order in an R.C. 119.12 appeal, a court of common pleas is required to affirm if the order is supported by reliable, probative and substantial evidence and is in accordance with law. VFW Post 8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79,81. The determination of whether an agency order is supported by reliable, probative and substantial evidence involves essentially a question of the absence or presence of the requisite quantum of evidence. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
While it is incumbent on the common pleas court to examine the evidence, this is not the function of the court of appeals. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. This court determines only if the court of common pleas abused its discretion, which encompasses not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency. Id. Absent such an abuse of discretion, this court may not substitute its judgment for that of the agency or court of common pleas. Id.
In essence, appellant does not raise issues relating to factual determinations. Instead, appellant's assignments of error set forth questions of law. This court reviews questions of law de novo. See Ohio Historical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466,471.
In his first assignment of error, appellant contends the position audit was not properly conducted because he was not an Investigation Supervisor 2 ("IS-2") at the time of the position audit request. Ohio Adm. Code123:1-3-01 addresses position audits and states, in pertinent part:
 (C) Audits requested by appointing authorities. An appointing authority may request the director [of Administrative Services] to review any encumbered classified position within the appointing authority's agency for the purpose of determining whether the position is properly classified * * *. [Emphasis added.]
Appellant asserts that because he was (allegedly) not an IS-2 at the time the position audit was requested, the position was not "encumbered" as set forth in Ohio Adm. Code 123:1-3-01(C). Appellant argues, therefore, that the position audit was improperly conducted and that any reclassification stemming from such audit was improper. To understand appellant's argument, a brief background of appellant's employment history with the department is necessary.
In 1980, appellant became an IS-2 with the department. On March 2, 1994, appellant was reclassified to the position of Administrative Assistant 4. Appellant appealed this reclassification to the board. An ALJ ordered that a job audit be conducted. This audit resulted in a recommendation by ODAS that appellant be classified Investigation Supervisor 1 ("IS-1"). Appellant appealed this recommendation to the board. The ALJ and the board agreed with ODAS that appellant's position was most appropriately classified IS-1. Appellant appealed the board's order to the court of common pleas.
On July 21, 1998, the court of common pleas journalized an entry reversing the board's order. The basis for such reversal was, in part, that the ALJ had no authority to order ODAS to conduct a position audit. The court of common pleas ordered that appellant be reinstated to the position of IS-2.
As indicated above, on September 8, 1998, the department requested ODAS to conduct a position audit of appellant's IS-2 position pursuant to Ohio Adm. Code 123:1-3-01(C). Again, this audit concluded that appellant's position should be reclassified IS-1.
Appellant basis his assertion that he was not an IS-2 at the time of the September 8, 1998 audit request on an October 21, 1998 personnel action form wherein appellant was reassigned to the position of IS-2. The personnel action form noted that the reassignment was pursuant to a court order. This court order was, of course, the July 21, 1998 judgment entry which ordered appellant be reinstated to the IS-2 position. The personnel action form noted that the effective date was March 6, 1994.
We do not accept appellant's argument that he was not in an IS-2 position at the time the position audit was requested. As of the July 21, 1998 court of common pleas judgment entry in the prior appeal, appellant was reinstated an IS-2, effective March 6, 1994. Appellant has not shown otherwise. The October 21, 1998 personnel action simply corrected the effective date of his reinstatement, it did not actually reinstate appellant to the IS-2 position, as he had already been reinstated.
Further, even if we accepted appellant's assertion, for argument purposes only, that he was not officially reinstated to the IS-2 position at the time of the audit request, appellant's argument still fails. We agree with the court of common pleas conclusion that the department clearly considered the position which appellant held on September 8, 1998 to be encumbered. Therefore, the position audit was properly requested under Ohio Adm. Code 123:1-3-01(C). Regardless of what appellant's position could technically be considered at the time of the audit request, appellant has not shown that the department somehow was without authority to request a position audit.
For the above reasons, we find that the September 8, 1998 position audit was properly requested. Hence, the court of common pleas did not err as a matter of law in affirming the board order in this regard. Accordingly, the first assignment of error is overruled.
In his second assignment of error, appellant contends the court of common pleas erred in failing to find that he was not properly notified of position descriptions dated September 8, 1998 and September 18, 1998, and was thus denied the right to appeal the changes made to the IS-2 classification. Former Ohio Adm. Code 123:1-3-02, in effect at the pertinent time, stated:
 (A) Proposed changes to classification plan. If the director [of Administrative Services] proposes a modification of a classification in the classification plan or the assignment of classifications to a different pay range which would affect employees currently in the classification, the director shall notify each affected employee's appointing authority of the proposed change. The director shall also notify any employee who will be adversely affected by the proposed changes.
 (B) Notification. The director shall determine the method of notification of affected employees * * *. The affected employees shall also be informed of the change prior to ten days after the adoption of the change.
 (C) Appeal. An affected employee or appointing authority may appeal the decision of director in classifying a position. Appeals shall be made in accordance with the rules of the state personnel board of review.
Appellant has failed to show that this rule applies to these proceedings. The appeal at issue here stems from the position audit requested pursuant to Ohio Adm. Code 123:1-3-01(C) and which resulted in a reclassification of appellant's position from IS-2 to IS-1. It is not the result of an alleged change or proposed change to a classification plan, which is the subject of Ohio Adm. Code 123:1-3-02. Hence, Ohio Adm. Code 123:1-3-02's notice requirements are not applicable to the matters herein.
Accordingly, appellant's second assignment of error is overruled.
In his third assignment of error, appellant asserts the court of common pleas erred in applying the so-called "twenty percent rule." The twenty percent rule is set forth in Ohio Adm. Code 123:1-7-15 which states, in pertinent part:
 Each classification title listed in this rule shall have a corresponding classification specification which sets forth the class concept and minimum qualifications. The class concept shall set forth the mandatory duties that must be satisfied at least twenty per cent of the time, unless otherwise stated in the class concept. [Emphasis added.]
The IS-2 class concept states:
 * * * The second supervisory level class works under adminis-trative direction requires thorough knowledge of inves-tigative procedures techniques laws rules applicable to assigned category of investigations in order to plan coordinate all investigative operations for one division or entire investigative program of assigned agency supervise lower-level investigator supervisory personnel secretarial support staff. [Emphasis added.]
Appellant contends that the evidence showed he performed far more than twenty percent of the duties set forth in the above IS-2 class concept. However, this is not the requirement under Ohio Adm. Code 123:1-7-15. Under Ohio Adm. Code 123:1-7-15, the mandatory duties set forth in the class concept must be satisfied at least twenty percent of the time. Under this rule, if a mandatory duty is not performed at all then, obviously, the twenty percent requirement is not met. Ohio Adm. Code123:1-7-15 does not state that twenty percent of the mandatory duties must be performed. Rather, it states clearly that the mandatory duties must be satisfied at least twenty percent of the time.
It is undisputed that appellant did not supervise lower-level investigator supervisory personnel. This is a mandatory duty of an IS-2. Because appellant performed a mandatory duty zero percent of the time, the ALJ and the board appropriately concluded that the position filled by appellant was more appropriately classified IS-1. The court of common pleas did not err in interpreting Ohio Adm. Code 123:1-7-15 in the same manner and in affirming the application of such rule to the undisputed evidence.
Accordingly, appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends the court of common pleas should have recognized that a January 17, 1996 position description of the IS-1 position and the September 8, 1998 and September 18, 1998 position descriptions for the IS-2 position were identical. However, as the department points out, Ohio Adm. Code 123:1-3-01(C)(1) requires that when an appointing authority requests an audit, such request must include a current position description reflecting the duties currently being performed by the employee. Hence, the contents of a previous position description are irrelevant to a current position description which reflects the duties currently being performed and which will be used in a current position audit. The court of common pleas did not err in this regard.
Accordingly, appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant contends that even if the position audit was valid, the department failed to follow job abolishment and layoff procedures and failed to recognize appellant's seniority and bumping rights. Appellant's arguments are not well-taken.
The statutory and administrative provisions relating to the above procedures and rights do not apply to the present action which stems from a position audit and the subsequent reclassification of appellant's IS-2 position to an IS-1 position which is within the same classification series. The reclassification of appellant's position to an Administrative Assistant 4 occurring in 1994 was the subject of previous appeals and is not at issue herein.
For the above reasons, appellant's fifth assignment of error is overruled.
In summary, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and McCORMAC, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.